UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

AARON GARDNER,

                          Plaintiff,

-against-

Police Officer JARED DELANEY, Shield No. 1320, Police Officer JULIO RAMOS, Shield No. 5241, Police Officer MAXIM MALOSHAG,

                          Defendants.

-------------------------------------------------------------- X

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

16 CV 6476 (NG)(ST)

      Plaintiff AARON GARDNER alleges the following, upon information and belief, for this Second Amended Complaint:

## INTRODUCTION

      1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution against the defendants mentioned above in their individual and official capacities.

      2.      On August 23, 2015, Defendants, Police Officer JARED DELANEY, Shield No. 1320, Police Officer JULIO RAMOS, Shield No. 5241, Police Officer MAXIM MALOSHAG, unlawfully arrested Plaintiff without probable cause and then assaulted him, all without any justification or due cause.

      3.      Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION

4.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5.      Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

6.      Plaintiff AARON GARDNER is at all material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

7.      Plaintiff is an African-American.

8.      Defendant Police Officer JARED DELANEY, Shield No. 1320 ("Delaney"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Delaney is sued in his individual and official capacities.

9.      Defendant Delaney at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

10.     Defendant Police Officer JULIO RAMOS, Shield No. 5241 ("Ramos"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ramos is sued in his individual and official capacities.

11.     Defendant Ramos at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

12.     Defendant Police Officer MAXIM MALOSHAG, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Maloshag is

sued in his individual and official capacities.

13. Defendant Maloshag at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

14. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D. and the F.D.N.Y., departments or agencies of defendant City responsible for the appointment, training, supervision, promotion and discipline of employees, officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

15. On August 23, 2015, Plaintiff was in a park in the area of Van Buren Street and Tompkins Avenue, Brooklyn, New York.

16. Plaintiff attended a family picnic when an unknown individual began sexually harassing plaintiff's sister, Janice Gardner.

17. That unknown individual later punched Ms. Gardner in the face, grabbed her by the hair and began dragging her.

18. The unknown individual's friends joined the attacker in his assault against Ms. Gardner.

19. A number of Ms. Gardner's relatives ran to protect Ms. Gardner from the assailant.

20. At that time, defendant police officers came to the scene and began

indiscriminately attacking individuals in the area.

21. The defendants attacked plaintiff Aaron Gardner and his sister with brute force, causing plaintiff to sustain physical injury.

22. Thereafter, the defendants falsely arrested plaintiff Aaron Gardner and took him to the 79th Precinct.

23. Plaintiff was taken to the Central Booking located at 120 Schermerhorn Street, in Brooklyn, New York.

24. The assigned prosecutor thereafter incorporated the defendants' false accusations against Plaintiff in the complaint.

25. Plaintiff Aaron Gardner's reputation was damaged by the arrest.

26. Aaron Gardner was suspended from his job as a result of the arrest.

27. The criminal charges against Plaintiff were dismissed.

28. As a result of the Defendants' actions, Plaintiff suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## COUNT ONE
## False Arrest,
## 42 U.S.C. §1983

29. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

30. The Defendants, individually and in concert, and acting under the color of law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to his liberty by searching, arresting, confining,

causing the confinements, and/or continuing the confinements of Plaintiff without any privilege whatsoever.

31. Plaintiff was conscious of his confinement.

32. Plaintiff did not consent to his confinement.

33. The Defendants each deprived Plaintiff of his rights intentionally, knowingly, willfully, or recklessly, under color of law.

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
### Unreasonable Force
### 42 U.S.C. §1983

35. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

36. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

37. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## COUNT THREE
### Malicious Prosecution
### 42 U.S.C. §1983

5

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By his conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of their constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

41. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## COUNT FOUR
**Malicious Abuse of Process**
**42 U.S.C. §1983**

42. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

43. The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

44. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

6

45. The Defendants treated Plaintiff in a manner that shocks the conscience.

46. The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

47. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

48. The defendants falsely arrested plaintiff and falsely informed members of the press that he had committed a crime.

49. The defendants were motivated to punish plaintiff based upon plaintiff's affiliation with the Vulcan Society of the FDNY.

50. The defendants by arresting plaintiff were seeking to embarrass plaintiff.

51. The defendants by arresting plaintiff were seeking to silence plaintiff or suppress his freedom of speech rights.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FIVE
### Due Process/ Denial of Constitutional Right to Fair Trial

53. Plaintiff repeat and reallege each and every allegation above as if fully set forth herein.

54. Defendants deprived Plaintiff of his rights under the Fifth and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through their account that Plaintiff was the aggressor.

55. Defendants used this false evidence to initiate criminal proceedings against Plaintiff.

56. The State thereafter used this evidence to initial criminal proceedings against Plaintiff.

57. As a result, Plaintiff was deprived of his liberty.

58. Defendants deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

59. Defendants acted based upon a racial motivation as plaintiff is a member of a protected class—namely African-Americans.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT SIX
### Failure To Intervene
### against Individual Defendants

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiff;

d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demand a jury trial.

Dated:  November 14, 2019
        Brooklyn, New York

*AMY RAMEAU*
Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York  11241
(718) 852-4759
rameaulawny@gmail.com